IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN D. BOOKER, RYAN T. BOOKER, AND BRIGHTON A. STYLES | : <br> : <br> : Civil Action No. 4:20-cv-00274-MWB <br> : |
| Plaintiffs, | : <br> : Jury Trial Demanded |
| v. | : <br> : Judge Matthew W. Brann |
| MIDOSA USA, LTD., | : |
| Defendant. | : |

**BRIEF IN SUPPORT OF DEFENDANT MIDOSA USA, LTD.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Respectfully submitted,

CIPRIANI & WERNER, P.C.

Date: October ___, 2021

By: _____
Joseph D. Shelby, Esquire
Attorney I.D. No. 69399
45 East Orange Street
Lancaster, PA  17602
(717) 390-3020
jshelby@c-wlaw.com
*Attorneys for Defendant*

## TABLE OF CONTENTS

**PROCEDURAL HISTORY** …………………………………………..….…1

**STATEMENT OF FACTS**……………………………………………….......1

**STATEMENT OF QUESTIONS PRESENTED**………………………….……2

**ARGUMENT**…………………………………………………………….…..2

    **I.**    **MIDOSA IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS CLAIMS FOR AN AWARD OF FRONT PAY DAMAGESFOR BECAUSE MIDOSA MADE PLAINTIFFS AN UNCONDITIONAL OFFER TO RETURN TO WORK IN THEIR PREVIOUS POSITIONS, WHICH PLAINTIFFS REFUSED…...3**

    **II.**    **MIDOSA IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS CLAIM FOR FRONT PAY DAMAGES BECAUSE PLAINTIFFS HAVE NOT PRESENTED SUBSTANTIAL EVIDENCE TO SUPPORT AN AWARD OF FRONT PAY….…10**

**CONCLUSION**………………………………….…………………………....12

## TABLE OF AUTHORITIES

**Cases**

*Anastasio v. Schering Corp.*,
 838 F.2d 701 (3d Cir. 1988)......................................................................4

*Anderson v. Liberty Lobby*,
 477 U.S. 242 (1986)............................................................................2, 3

*Blum v. Witco Chem. Corp.*,
 829 F.2d 367 (3d Cir. 1987)......................................................................5

*Booker v. Taylor Milk Co.*,
 64 F.3d 860 (3d Cir. 1995)....................................................................3, 4

*Caufield v. Center Area Sch. Dist.*,
 133 Fed. Appx. 4 (3d Cir. 2005)..............................................................3, 4

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)..................................................................................3

*EEOC v. Prudential Federal Sav. & Loan Ass'n*,
 763 F.2d 1166 (10th Cir. 1985).................................................................7

*Eichhorn v. AT&T Corp.*,
 484 F.3d 644 (3d Cir. 2007)....................................................................10

*Feldman v. Philadelphia Hous. Auth.*,
 43 F.3d 823 (3d Cir. 1994)........................................................................4

*Ford Motor Co. v. EEOC*,
 458 U.S. 219 (1982).................................................................................7

*Giandonato v. Sybron Corp.*,
 804 F.2d 120, 124-25 (10th Cir. 1986).......................................................9

*Hansen v. Sally Hansen Div. Dist.*,
 2015 WL5029573, *3 (M.D. Pa. Aug. 25, 2015)......................................11

*Lightfoot v. Union Carbide Corp.*,
 110 F.3d 898, 908 (2d. Cir. 1997)..............................................................8

*Love-Lane v. Martin*,
    355 F.3d 766 (4th Cir. 2004)..................................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)..........................................................................3

*Maxfield v. Sinclair Int'l*,
    766 F.2d (3d Cir. 1985)....................................................................11

*McDonnell Douglas v. Green*,
411 U.S. 792 (1972)...............................................................................5

*Pollard v. E.I. du Pont de Nemours & Co.*,
532 U.S. 843 (2001).............................................................................11

*Sellers v. Delgado Coll.*,
    902 F.2d 1189 (5th Cir. 1990)...........................................................4

*Smith v. World Ins. Co.*,
    38 F.3d 1456, 1464 (8th Cir. 1994)................................................7, 8

*Xiao-Yue Gu v. Hughes STX Corp.*,
    127 F. Supp. 2d 751 (2001)................................................................7

**Statutes, Rules & Regulations**
42 U.S.C. § 1981..........................................................................1, 4, 5

42 U.S.C. § 1983..................................................................................5

42 U.S.C. §2000e.................................................................................5

Federal Rule of Civil Procedure 56(c)..................................................2

Federal Rule of Evidence 701.............................................................10

Local Rule 56.1.....................................................................................1

## PROCEDURAL HISTORY

On February 14, 2020, Plaintiffs Kevin D. Booker, Ryan T. Booker, and Brighton A. Styles, filed a Complaint against Midosa USA LTD ("Midosa"). In Count One of the Complaint, Plaintiffs allege that Defendant violated Section 1981 of Title 42 of the United States Code (42 U.S.C. § 1981) by discriminating against them based on their race. In Count Two, Plaintiffs allege that Defendant violated 42 U.S.C. § 1981 by retaliating against Plaintiffs for engaging in protected activity, by terminating their employment, and fostered an increasingly pervasive or severe hostile work environment.

Midosa denied all material allegations in its Answer. The parties engaged in discovery, including depositions of all Plaintiffs and the President of Midosa, Rick Watt.[1] In addition to allegations outlined within Plaintiffs Complaint, the Complaint also included a Prayer for Relief. For purposes of this Motion, Defendant is only focused on Plaintiffs request for front pay damages.

## STATEMENT OF FACTS

In accordance with M.D. Local Rule 56.1, Midosa is filing contemporaneously a separate Statement of Material Facts, which it incorporates herein by reference.

---

[1] Deposition transcripts cited in this brief are included in the Appendix filed concurrently herewith. Exhibits cited in this brief are also included in the Appendix.

1

## **STATEMENT OF QUESTIONS PRESENTED**

I. **Whether Midosa is entitled to summary judgment on Plaintiffs claims for an award of front pay damages when Plaintiffs refused Midosa's unconditional offer to return to their previous positions four days after termination, thereby failing to mitigate damages.**

**SUGGESTED ANSWER: Yes.**

II. **Whether Midosa is entitled to summary judgment on Plaintiffs claims for an award of front pay damages when Plaintiffs failed to present any substantial evidence to support an award and bases their claim purely on conjecture?**

**SUGGESTED ANSWER: Yes.**

## **ARGUMENT**

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986). A fact is "material" if it might affect the outcome of the suit

under relevant substantive law. *Id.* Where a non-movant will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must identify specific facts showing that there is a triable issue, as "[t]he mere existence of a scintilla of evidence" will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. In so doing, the plaintiff cannot simply restate the allegations of his complain or rely on self-serving conclusions unsupported by specific facts in the record, but instead must affirmatively come forward with admissible evidence establishing a genuine issue of fact. *Celotex*, 477 U.S. at 324.

    **I.**    **MIDOSA IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS REQUEST FOR AN AWARD OF FRONT PAY DAMAGES BECAUSE MIDOSA MADE PLAINTIFFS AN UNCONDITIONAL OFFER TO RETURN TO WORK IN THEIR PREVIOUS POSITIONS, WHICH PLAINTIFFS REFUSED.**

In cases alleging unlawful employment discrimination, the employer typically has the burden to prove that the plaintiff failed to mitigate her damages. *Caufield v. Center Area Sch. Dist.*, 133 Fed. Appx. 4, 10 (3d Cir. 2005); *Booker v. Taylor Milk*

3

*Co.*, 64 F.3d 860, 866-67 (3d Cir. 1995). Where the employer sustains its burden to prove plaintiff's failure to mitigate damages, "any back-pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to mitigate and any front-pay award will be foreclosed." *Caufield*, 133 Fed. Appx. at 11.

An employer must ordinarily demonstrate two elements to establish failure to mitigate: (1) substantially equivalent work was available, and (2) plaintiff did not exercise reasonable diligence to obtain the available employment. *Booker*, 64 F.3d at 864 (citing *Anastasio v. Schering Corp.*, 838 F.2d 701, 708 (3d Cir. 1988)). "Substantially equivalent employment is that employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the claimant has been discriminatorily terminated." *Id.* at 866 (quoting *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990)).

Applying this test, Midosa is entitled to summary judgment with regard to the request of front pay damages, i.e., foreclosing any recovery for front pay damages (or any damages after the offer of reinstatement which was four (4) days after termination). Midosa has presented competent evidence that substantially equivalent employment was available. "The equitable remedy of reinstatement is available for [employment] discharges that violate 42 U.S.C. § 198[1], and reinstatement is the preferred remedy to cover the loss of future earnings." *Feldman v. Philadelphia Hous.*

4

*Auth.*, 43 F.3d 823, 831 (3d Cir. 1994). Indeed, Midosa offered reinstatement four (4) days after termination.

The equitable remedy of reinstatement is available for discharges that violate 42 U.S.C. § 1983 and reinstatement is the preferred remedy to cover the loss of future earnings. *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 373-74 (3d Cir. 1987). Another normative principle of relief in an employment discrimination situation is the award of back pay which is made not only to deter would be discriminators, but also to provide meaningful relief to victims of illegal employment discrimination. 42 U.S.C. §2000e et seq.; 42 U.S.C. § 1983.

The standards for Title VII race discrimination claims apply to §1983 race discrimination claims. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (noting that "the McDonnell Douglas framework, developed for Title VII, has been used to evaluate race discrimination claims under [Title VII, § 1983, and § 1981]"). *McDonnell Douglas v. Green*, 411 U.S. 792, 801, 803-804 (1972).

Plaintiffs were terminated from employment with Midosa for valid and compelling non-discriminatory reasons. Midosa contends that Plaintiffs' race played no role in its decision to terminate their employment. Plaintiffs were terminated due to repeated performance problems culminating in the blatant disregard for instructions and insubordination.

However, despite the terminations, within four (4) days of Plaintiffs being terminated, Plaintiffs were offered their jobs back by the President of Midosa, Rick

5

Watt. Plaintiffs blatantly refused to accept the job offers from Mr. Watt. The ongoing dispute surrounding the merit behind Plaintiffs allegations lead to the deposition testimony of each individual Plaintiff. *The deposition testimony of each Plaintiff confirms that Midosa had unconditionally offered Plaintiffs their jobs back and they refused.* See **Exhibit 1** to this Brief, Styles Deposition Transcript at 56-57:

> **Q:** So what was the result of that meeting?
> **A:** Rick said that he would look into the incident and he would get back to us. And he actually called us later on that evening. Which I have the voicemail on my phone where he actually called. I actually missed his phone call. He asked me to give him a call back. He offered – he called each and every one of us and offered all of our jobs back to very next day if we wanted it.
> **Q:** So he called you individually?
> **A:** Yes. And he apologized for anything that was done incorrectly at his – at his workplace.
> **Q:** What did you – how did you respond to the job offer?
> **A:** I refused it.

See **Exhibit 2** to this Brief, R. Booker Deposition Transcript at 44-45:

> **Q:** All right. Let's go back. Did he offer you your job back at the meeting?
> **A:** Yes.
> **Q:** So, was there a telephone call after the meeting between you and Rick?
> **A:** Correct. There was another one, thinking around a few days after that, he actually tried to reach out to us and offer us our jobs back again.
> **Q:** It's your testimony that he offered the job back at the end of the meeting on September 10th?
> **A:** Yes.
> **Q:** And you declined?
> **A:** Correct.
> **Q:** And then two days – approximately two days later, he called you back to offer you the job?
> **A:** Correct.
> **Q:** And you declined again?
> **A:** Correct.

See **Exhibit 3** to this Brief, K. Booker Deposition Transcript at 34-35:

6

**Q:** So he called you on your cell phone?
**A:** Yes.
**Q:** So, he called you personally with a telephone conversation, it was just the two of you?
**A:** Yes.
**Q**: And he offered you your job back?
**A:** Correct.
**Q:** And what was your response?
**A:** I respectfully declined.

Plaintiffs were offered their original jobs back, affording them equivalent employment, identical promotional opportunities, compensation, job responsibilities, working conditions, and status but refused to accept. If Plaintiffs said "yes" to the offer, they were able to return to work the very next day, at their full rate of pay. Plaintiffs' dismissive refusal of Midosa's offer precludes Plaintiffs eligibility for any award of front pay damages (or any back pay damages after the offer was refused – the 4th day following termination). *See Ford Motor Co. v. EEOC*, 458 U.S. 219, 227, 228-29 (1982) (holding the employee's rejection of employer's offer of reinstatement forecloses any claim for future front pay and tolls the continuing accrual of back pay liability).

Ordinarily, the receipt of a good faith offer for reinstatement to a comparable position ends the employer's liability for front pay. *Id.* at 219. Yet, refusal of reinstatement does not necessarily preclude the award of front pay if a plaintiff has reasonably refused the offer. *Smith v. World Ins. Co.*, 38 F.3d 1456, 1464 (8th Cir. 1994).

7

The Third Circuit has not addressed this issue at great length, therefore, Midosa directs this Court's attention to the judgments rendered in neighboring districts. For example, in *Smith*, the Tenth Circuit found that, under the totality of the circumstances, the plaintiff reasonably refused the defendant's offer of reinstatement where the offer came three years after his constructive discharge, poor performance evaluations would not be expunged from his employment record, and the individual responsible for his discriminatory discharge is still employed with the defendant. *Smith*, 38 F.3d at 1464.

By contrast, in the present matter, Midosa offered Plaintiffs their jobs back on two separate occasions, all within four (4) days of their termination. Plaintiffs were offered to start immediately the next day, in their original positions, each being offered comparable and suitable employment.

In *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 908 (2d. Cir. 1997), defendant's filed a Motion for Summary Judgment as to plaintiff's claims for back and front pay arguing that plaintiff waived his claims to such damages when he declined defendant's unconditional offer of reinstatement. *Lightfoot* at 904. The District Court granted defendant's Motion, which was then upheld by the Second Circuit on appeal. *Id.* at 915. The Second Circuit found that the plaintiff had unreasonably rejected an offer of reinstatement on the same terms and conditions as his previous employment on the grounds that the plaintiff wanted a higher salary, made unsupported claims of bad faith, and had already accepted a new position with

8

a new employer. In the present matter, Plaintiffs blatantly refused the offers of reinstatement providing no explanation in support of their refusal at all.

Similarly, in *Giandonato v. Sybron Corp.*, 804 F.2d 120, 124-25 (10th Cir. 1986), defendant's filed a Motion for Partial Summary Judgment, seeking an order dismissing plaintiff's claims for back pay and reinstatement. *Giandonato* at 121. Defendant supported its motion by arguing that plaintiff rejected the unconditional offers of reinstatement, thereby forfeiting his rights to back pay and reinstatement. *Id*. The District Court denied defendant's motion and the Tenth Circuit reversed and remanded the decision on appeal, holding that plaintiff's refusals of defendant's offers of reinstatement eliminated any viable claim he may otherwise have had for back pay and reinstatement. *Id*. at 125. The court also found that plaintiff unreasonably rejected an offer as having "too many uncertainties." The Tenth Circuit emphasized that the offer "would have reinstated the plaintiff to his former position on comparable terms." *Id.* at 124-25. The employer also repeatedly communicated the offer to the employee on five separate occasions, three times in writing. *Id.* at 121, 125. Given the specificity of the offer, the Tenth Circuit held that the burden was on the employee to seek clarification of any remaining "uncertainties." *Id*.

As previously mentioned, Midosa had offered each Plaintiff his pre-termination position back within four (4) days of termination. Additionally, Mr. Watt spoke with each Plaintiff inidividually via telephone and offered to reinstate Plaintiffs not once, but twice. Each Plaintiff testified to the conversations they had with Mr. Watt

9

explaining the offers of reinstatement, the timeline of when they were able to return, and the jobs they were being offered. There was no uncertainty, just two good faith reinstatement offers to each Plaintiff and Plaintiffs blantant refusal to accept.

For the reasons set forth above, Midosa respectfully requests that this Court grant its Motion for Summary Judgment regarding the request for front pay damages since Midosa made multiple good faith offers of reinstatement to comparable positions that Plaintiffs blatantly refused to accept, thereby foreclosing any liability for front pay damages, and ending any damages for back pay – after four (4) days.

**II.     MIDOSA IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS REQUEST FOR FRONT PAY BECAUSE PLAINTIFFS HAVE NOT PRESENTED SUBSTANTIAL EVIDENCE NECESSARY TO SUPPORT AN AWARD OF FRONT PAY.**

The Third Circuit has found that expert testimony is "not always required to prove damages in cases where projected future earning are part of the calculation." *Eichhorn v. AT&T Corp.*, 484 F.3d 644, 650 n. 3 (3d Cir. 2007). However, the Courts have also stated that under the Federal Rules of Evidence ("F.R.E.") 701, a lay witness is required to have a "reasonable basis grounded either in experience or specialized knowledge for arriving at the opinion that he or she expresses." *Id.* at 649.

In *Eichorn*, the Third Circuit found that the district court did not abuse its discretion in precluding lay testimony regarding plaintiff's loss of future earnings since it was not based on either experience or personal knowledge and the calculations required to determine such damages were "sufficiently complex." In the present

matter, each Plaintiff testified in a broad sense as to how much front pay damages they were seeking. Plaintiffs worked odd jobs before and after working for Midosa and struggled to stay employed by any one employer for longer than six (6) months.

Plaintiffs' complex employment history does not permit them to testify to the calculations of front pay damages. The testimony of plaintiff cannot go "beyond easily verifiable facts within personal knowledge." *Maxfield v. Sinclair Int'l*, 766 F.2d 788 (3d Cir. 1985). At points throughout Plaintiffs' depositions, when asked what jobs they have worked since Midosa, how long they worked for the new employers, and what their pay rate was, more often than not, the Plaintiffs responded with an estimate or did not know. This Court has found in previous matters that "conjecture is not enough- there must be sufficient data from which damages can be assessed and loss of earning power must be supported by proper and satisfactory proof." *Hansen v. Sally Hansen Div. Dist.*, 2015 WL5029573, *3 (M.D. Pa. Aug. 25, 2015).

Plaintiffs have failed to offer any substantial evidence to support their claim for front pay damages. Front pay is "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Plaintiffs were offered their jobs back within four (4) days of termination, they refused, and have failed to present substantial evidence to support their request for front pay damages, as required. Therefore, Midosa is entitled to summary judgment on Plaintiffs' request for front pay damages.

## **CONCLUSION**

Midosa is entitled to summary judgment on Plaintiffs claims for front pay damages, as Plaintiffs have failed to meet their evidentiary burden. For all of the foregoing reasons, Midosa respectfully requests that the Court grant it summary judgment on the claim for front pay damages and toll Plaintiff's back pay damages as of the date of the offer of reinstatement, i.e., September 14, 2018.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

Date: October 8, 2021

By: _____
Joseph D. Shelby, Esquire
Attorney I.D. No. 69399
45 East Orange Street
Lancaster, PA  17602
(717) 390-3020
jshelby@c-wlaw.com
*Attorneys for Defendant*