## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN D. BOOKER, *et al.*,

               Plaintiffs,

     v.

MIDOSA USA, LTD.,

               Defendant.

No. 4:20-CV-00274

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 13, 2022

## I.    BACKGROUND

Plaintiffs Kevin D. Booker, Ryan T. Booker, and Brighton A. Styles sued their former employer, Midosa USA, LTD., under 42 U.S.C. § 1981. After discovery, Midosa moved for partial summary judgment as to Plaintiffs' request for front-pay damages. For the following reasons, this motion for partial summary judgment is denied.

## II.   DISCUSSION

### A.    Standard of Review

I begin my analysis with the standard of review that undergirds summary judgment. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[1] The Supreme Court of

---

[1]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

the United States has advised that Federal Rule of Civil Procedure 56 "should be interpreted in a way that allows it to accomplish this purpose."[2]   Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

Material facts are those "that could alter the outcome" of the litigation, "and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[4]   A defendant "meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[5]   And a plaintiff must "point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[6]

A judge's task when "ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[7]   Thus, if "the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the

---

[2]   *Id.* at 324.

[3]   Fed. R. Civ. P. 56(a).

[4]   *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

[5]   *Clark*, 9 F.3d at 326.

[6]   *Id.*

[7]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[8]

"The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."[9]  Part of the judge's role at this stage is to ask "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."[10]  In answering that question, the Court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[11]  The evidentiary record at trial will typically never surpass what was compiled during discovery.

The party requesting summary judgment bears the initial burden of supporting its motion with evidence from the record.[12]  For example, while "at the motion-to-dismiss stage of proceedings a district court is obligated to accept the allegations in a plaintiff's complaint as true, it does not accept mere allegations as true at the summary judgment stage."[13]  The moving party must identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[8]   *Id.*
[9]   *Daniels v. School Dist. of Philadelphia*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252 (alterations in original)).
[10]  *Liberty Lobby*, 477 U.S. at 252 *(*quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)) (alteration and emphasis in original).
[11]  *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).
[12]  *Celotex*, 477 U.S. at 323.
[13]  *Wiest v. Tyco Electronics Corp.*, 812 F.3d 319, 330 (3d Cir. 2016).

with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[14]  "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[15]

For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (1) citations to particular parts of materials in the record that go beyond mere allegations; (2) a showing that the materials cited do not establish the absence or presence of a genuine dispute; or (3) a display that an adverse party cannot produce admissible evidence to support the fact.[16]

Summary judgment is effectively "put up or shut up time" for the nonmoving party.[17]  When the movant properly supports his motion, the nonmoving party must show the need for a trial by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[18]  The nonmoving party will not withstand summary judgment if all it has are "assertions, conclusory allegations, or mere suspicions."[19]  Instead, it must

---

[14]  *Id.* (internal quotations omitted).
[15]  *Id.*
[16]  Fed. R. Civ. P. 56(c)(1).
[17]  *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (Fisher, J.).
[18]  *Liberty Lobby*, 477 U.S. at 250.
[19]  *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010).

"identify those facts of record which would contradict the facts identified by the movant.'"[20]  Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the Court may "consider the fact undisputed for purposes of the motion."[21]  On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[22]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[23]  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[24]

### B.    Undisputed Facts

With that standard outlining the Court's framework for review, I now turn to the undisputed facts.

Midosa hired Plaintiffs as waste-removal laborers on August 9, 2018.[25]  Plaintiffs are African-American.[26]  They worked at Midosa's facility in Columbia Cross Roads, Bradford County, Pennsylvania.[27]

---

[20]   *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).

[21]   Fed. R. Civ. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613–14 (3d Cir. 2018).

[22]   Fed. R. Civ. P. 56(c)(3).

[23]   *Liberty Lobby*, 477 U.S. at 249.

[24]   *Id*. at 249–50 (internal citations omitted).

[25]   Doc. 50 at 1.

[26]   *Id.* at 7.

[27]   *Id.* at 1.

On September 10, 2018, Midosa terminated Plaintiffs' employment.[28]  Several days later, Rick Watt called Plaintiffs on Midosa's behalf, offering reinstatement.[29] But Plaintiffs declined.[30]

### C.    Analysis

#### 1.    Mitigation of Damages

Midosa argues that Plaintiffs failed to mitigate damages by refusing its reinstatement offers.  But "if a plaintiff reasonably rejects an offer of reinstatement, then the offer does not terminate the accrual of backpay damages."[31]  "Generally, it is the duty of the trier of fact to weigh the evidence to determine whether a reasonable person would refuse the offer of reinstatement."[32]

Here, Plaintiffs adduce evidence that Midosa's white employees repeatedly refused to ride with "black folks," referred to Plaintiffs as "three gangsters," and used other racial epithets, including the n-word.[33]  Such conduct continued even after Plaintiffs complained to Annette Sharrow, Midosa's Human Resources Manager.[34] Moreover, Midosa's dispatchers schedule employees to work any given shift, which would have forced Plaintiffs to resume working with employees who used these

---

[28]  *Id.* at 2.
[29]  *Id.* at 5.
[30]  *Id.* at 6–7.
[31]  *Smith v. World Ins. Co*., 38 F.3d 1456, 1463 (8th Cir. 1994).
[32]  *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 808 (8th Cir. 1982).
[33]  Doc. 50 at 9–11.
[34]  *Id.* at 11.

epithets upon reinstatement.[35]  From this evidence, a reasonable juror could conclude that Plaintiffs reasonably rejected Midosa's reinstatement offers.[36]  Accordingly, Midosa's motion for partial summary judgment is denied as to the mitigation issue.

## 2.    Evidence of Damages

Midosa also argues that Plaintiffs fail to offer substantial evidence to support front-pay damages.   But Plaintiffs detail their efforts to secure replacement employment, including the lesser-paying jobs they worked after Midosa terminated them.[37]   At this stage, such testimony sufficiently supports front-pay damages.[38]  Accordingly, Midosa's motion for partial summary judgment is denied as to Plaintiffs' front-pay damages claims.

---

[35]  *Id.* at 8, 10–11.

[36]  *See Smith*, 38 F.3d 1456, 1464 (8th Cir. 1994) ("We conclude that a jury could have found that Smith's rejection of the offer of reinstatement was reasonable. While many of the individual factors standing alone would not be sufficient to establish an objectively reasonable rejection of the offer, the totality of the circumstances would have allowed the jury to reach that conclusion."); *Roberts v. Air Capitol Plating, Inc.*, No. 95-1348-JTM, 1996 WL 499122, at *5 (D. Kan. Aug. 21, 1996) ("Roberts has raised a genuine issue of material fact as to whether her rejection of the offer of reinstatement was reasonable because of the likelihood of continued discrimination if she returned to her prior position. Because Roberts has raised a question of material fact as to whether . . . her refusal of the offer was reasonable, defendants' motion for partial summary judgment on Roberts' claims for back pay and benefits under Title VII is denied."); *Naylor v. Georgia-Pac. Corp.*, 875 F. Supp. 564, 582 (N.D. Iowa 1995) ("From these assertions, the court finds that a material fact issue exists in this case as to whether Naylor acted reasonably in rejecting Georgia–Pacific's offer of reinstatement. Therefore, the court shall also deny this aspect of Georgia–Pacific's motion.").

[37]  Doc. 50 at 13–18.

[38]  *See Davis v. Supermarkets Gen. Corp., Pathmark Div.*, 584 F. Supp. 870, 872 (E.D. Pa. 1984) ("Additionally, presentation of evidence regarding the loss of future wages will not be restricted to the court. Lost wages, whether past or future, are legal damages and straightforward computations within the capabilities of juries. . . . Plaintiff is entitled to a jury trial on his claims for lost wages, both past and future.").

## III.    CONCLUSION

For the foregoing reasons, Midosa's motion for partial summary judgment is

denied.  An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge